USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KIM A. GIACOIO,

            Plaintiff,

    -against-

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
-----------------------------------------------------------------X

**OPINION AND ORDER
ON MOTION FOR ATTORNEY'S FEES**
20-cv-00741 (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge**.

Before the Court is Plaintiff's counsel's motion for reasonable attorney's fees in the amount of $58,859.78 pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) ("Section 206(b)"). (ECF No. 37.) For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Plaintiff's counsel, Louis R. Burko ("Petitioner") represented Plaintiff in this action for judicial review of Defendant's decision terminating Plaintiff's Social Security benefits and ordering her to repay benefits previously received. Petitioner represented Plaintiff pursuant to a contingency fee agreement that provided that Petitioner may receive up to 25% of any past due benefits awarded to Plaintiff. (ECF No. 37-1.) On August 4, 2021, the parties stipulated and agreed to remand Plaintiff's case to the Commissioner for further proceedings. (ECF No. 33.)

Petitioner then applied for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), which allows the court to award attorney's fees to a party prevailing

against the United States in court where the Government's litigation position was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).  This Court granted Petitioner's application and awarded him $6,800 in attorney's fees under the EAJA.  (ECF No. 36.)[1]

Following remand, the SSA conducted further proceedings and ultimately reinstated Plaintiff's benefits.  In a letter dated December 20, 2022, the SSA indicated that it calculated past due benefits for Plaintiff and that it was withholding 25% of that amount, namely $58,859.78, to pay a possible attorney's fee pursuant to Section 206(b), which provides that when a disability claimant is successful in federal court, the court may authorize payment of "reasonable" attorney's fees up to 25% of past due benefits.  42 U.S.C. § 406(b)(1)(A).  Petitioner submitted an attorney affirmation stating that his office did not receive the SSA's letter until January 5, 2023.  (ECF No. 37-1.)

On January 10, 2023, Petitioner filed the instant motion for an award of attorney's fees pursuant to Section 206(b) in the amount of $58,859.78.  Unlike attorney's fees awarded pursuant to the EAJA, which are paid by the Government, fees awarded pursuant to Section 206(b) are payable from the claimant's past due benefits.  Accordingly, Defendant has no direct financial stake in the outcome of this fee application, but it may "play[ ] a part in the fee determination resembling that of a trustee for the claimants."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6. (2002).  Fee awards may be made under both the EAJA and Section 206(b), provided the attorney refunds the claimant the amount of the smaller fee.  *Id.* at 796.

---

[1]   EAJA fees are determined based on the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d)(1)(B).

Petitioner's affirmation states that his firm logged 33 hours representing Plaintiff before this Court. Petitioner's requested fee award thus amounts to a de facto hourly rate of $1,783.62.

Defendant filed a response to Petitioner's motion deferring to the Court to determine whether the requested fee is timely and reasonable. (ECF No. 39.)

**ANALYSIS**

1. **Timeliness**

A motion for attorney's fees pursuant to Section 206(b) must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B); *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). There is "some uncertainty" as to whether the 14-day filing period runs from the time the plaintiff, or the plaintiff's counsel, receives notice from the SSA of the benefits calculation. *Gonzalez v. Comm'r of Soc. Sec.*, 2022 WL 17821228, at *3 (S.D.N.Y. Dec. 20, 2022) (citing *Sinkler*, 932 F.3d at 88, 91). A court is free to "enlarge th[e] filing period where circumstances warrant." *Sinkler*, 932 F.3d at 89 (citing Fed. R. Civ. P. 54(d)(2)(B) and *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010)). Courts in this Circuit routinely excuse short, reasonable delays in filing an attorney's fee motion. *See, e.g. Johnson v. Comm'r of Soc. Sec.*, 2019 WL 11270462, at *2 (E.D.N.Y. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 6128966 (E.D.N.Y. Oct. 19, 2020) (excusing lateness of attorney's fee motion that was "technically untimely" by nine days); *David B. v. Comm'r of Soc. Sec.*, 2019 WL 6123780, at *2 (N.D.N.Y. Nov. 19, 2019) (granting attorney's fee application that was filed eleven days late); *Lesterhuis v. Comm'r of Soc. Sec.*, 2019 WL 4892681, at *2 (W.D.N.Y. Oct. 4, 2019) (granting attorney's fee motion filed "just nine days after the 14-day deadline").

In this case, the SSA mailed the Notice of Award letter on December 20, 2022. It is not entirely clear when Plaintiff received the Notice of Award letter, but Petitioner did not receive the letter until January 5, 2023. He then filed the instant Motion on January 10, 2023. Assuming the 14-day period began to run on the date Petitioner received the letter, his motion is timely.

Even if Plaintiff received the Notice of Award letter on an earlier date and the 14-day period began to run on that earlier date such that this motion is technically untimely, the Court finds that a small enlargement of the filing period is warranted. Accordingly, the Court accepts the motion as timely.

**2. Reasonableness**

In determining the reasonableness of a fee request pursuant to Section 206(b), the court must ensure the contingency percentage is within the 25% cap; that there is no evidence of fraud or overreach in the agreement between the plaintiff and the attorney-petitioner; and that the requested fee does not result in an improper windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). In evaluating whether the requested amount is a windfall, the Court must look beyond the de facto hourly rate and should consider the following factors: (i) the ability, expertise, and efficiency of the lawyers; (ii) the nature and length of the professional relationship with the claimant; (iii) the claimant's satisfaction; and (iv) whether it was uncertain that the case would result in an award of benefits and the effort it took to achieve that result. *Fields v. Kijakazi*, 24 F.4th 845, 854-56 (2d Cir. 2022) (holding district court abused its discretion in finding requested attorney's fee award amounted to a windfall). In *Fields*, the Second Circuit explained that "even a relatively high hourly rate may be perfectly

reasonable, and not a windfall, in the context of any given case," and cautioned courts against lowering requested attorney's fees unless it is "truly clear that the fee is unearned by counsel." *Id.* at 849. The Second Circuit emphasized the importance of "encouraging truly good lawyers to take on" social security disability cases. *Id.*

The Court finds that the requested attorney's fees are reasonable. The amount requested does not exceed 25% of the benefits awarded and therefore falls within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement. There is also no evidence of a windfall here. Petitioner is an experienced attorney who has successfully represented numerous social security claimants in this district. His de facto hourly rate of $1,783.62 is very high but remains within the range generally approved for this type of matter. *See, e.g, Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (collecting social security cases approving as reasonable hourly rates in the range of $1,000-2,100). The number of hours spent on this case is also reasonable and can be considered an efficient use of attorney time. *See Derosa v. Comm'r of Soc. Sec.*, 2022 WL 3646202, at *2 (S.D.N.Y. Aug. 24, 2022) (finding that 33.7 hours of billed work was an efficient use of attorney time). Moreover, Petitioner achieved a favorable decision from the SSA on behalf of his client, amounting to a "satisfying result." *Fields,* 24 F.4th at 855 (explaining that where the claimant achieved a fully favorable decision from the SSA, this weighed against a finding of a windfall, even where the de facto hourly rate was high)*.* It was also uncertain that this case would result in an award of benefits at the time Petitioner agreed to represent Plaintiff, and given the risk of non-recovery, this is not a case involving an "unearned advantage" amounting to a windfall. *Id.*

Finally, although Petitioner was previously awarded attorney's fees pursuant to the EAJA, these fees will be refunded to Plaintiff.

## CONCLUSION

For the above reasons, the Court authorizes an award of attorney's fees of $58,859.78. On receipt of payment, Petitioner shall refund to Plaintiff the attorney's fees previously received under the EAJA.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 37.**

**SO ORDERED.**

Dated: March 1, 2023
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge